UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              CASE NO: 8:08-cr-340-T-33EAJ

ROBERT JERLOW
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Robert Jerlow's Motion for a Change in Venue (Doc. # 72). The Government filed a Response thereto (Doc. # 86).

Defendant moves this Court to transfer this case to the United States District Court for the Central District of California for the convenience of the parties and witnesses and in the interest of justice. The Court, finding that the Defendant has failed to meet his burden on this motion, denies the motion.

Pursuant to Fed. R. Crim. P. 21(b), a "court may transfer the proceeding ... against the defendant to another district for the convenience of the parties and witnesses and in the interest of justice." A defendant seeking to invoke this rule bears the burden of justifying the transfer. United States v. Snipes, 2007 WL 2572198, at *6 (M.D. Fla. Sept. 5, 2007).

There are several factors that a court may consider in deciding a motion for a change of venue, including: (1) the

location of the defendant; (2) the location of possible witnesses; (3) the location of events likely to be at issue; (4) the location of documents and records likely to be involved; (5) the potential disruption of a defendant's business; (6) expenses of the parties; (7) location of counsel; (8) relative accessibility of the place of trial; (9) the docket condition of each district involved; and (10) any other special factors that might affect transfer. Id. (citing Platt v. Minnesota Mining & Mfg. Co., 376 U.S. 240, 243-44 (1964)).

Having considered the Defendant's arguments, the Court finds that the only factor that weighs in the Defendant's favor is the potential disruption of a defendant's business as Defendant describes himself as "currently self-employed." This alone, however, is not sufficient to warrant transferring venue. A criminal defendant "has no right to be tried in the place of his domicile, ... and the defendant's concerns about being tried away from home are ordinarily of little relevance to a motion for a change of venue." Id. at *7 (quoting United States v. Bagnell, 679 F.2d 826, 832 (11th Cir. 1982)). The Court finds that the majority of the remaining factors weigh in favor of letting the venue remain in this district.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Robert Jerlow's Motion for a Change in Venue (Doc. # 72) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of October, 2009.

                                                                       _____
                                                                       VIRGINIA M. HERNANDEZ COVINGTON
                                                                       UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record