UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No. 8:08-cr-340-T-33TBM

ROBERT JERLOW
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Robert Jerlow's Motion to Dismiss the Indictment (Doc. # 77), which was filed on August 24, 2009. The Government filed a Response in Opposition to the Motion to Dismiss the Indictment (Doc. # 86) on October 2, 2009. For the reasons that follow, the Court denies the Motion to Dismiss the Indictment.

**I.   Background**

The August 20, 2008, two-count indictment charges that Defendant, "Between at least in or around the Spring 2008 and on or about July 23, 2008, in the Middle District of Florida and elsewhere" conspired with others, "known and unknown to the grand jury, to distribute and to possess with intent to distribute, five (5) kilograms or more" of cocaine and attempted to possess and distribute five kilograms or more of cocaine. (Doc. # 6).

Defendant moves to dismiss the indictment on the grounds that the indictment fails to identify the co-conspirators and

fails to set forth a specific time frame for the alleged conspiracy. The Court will address each argument.

**A.   Identification of Co-Conspirators**

In United States v. Bobo, 344 F.3d 1076 (11th Cir. 2003), the court held, "for an indictment to be valid it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet. . . . [I]f the indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Id. at 1083 (internal citation omitted).

Here, the indictment tracks the statute in question and contains analysis of the facts and circumstances of the alleged conspiracy. It is true that the indictment does not identify the alleged co-conspirators, however, this omission does not warrant dismissal of the indictment.

In United States v. White, 846 F.2d 678, 693 (11th Cir. 1988), the court held, "absent a discovery order, the prosecution has no general obligation to disclose the names of unindicted co-conspirators who will not be called as witnesses." See also United States v. Martinez, 96 F.3d 473, 477 (11th Cir. 1996)("a defendant may be convicted of

conspiring with 'persons unknown' if sufficient evidence supports the existence and involvement of such unknown persons.").[1]

The Court accordingly denies the Motion to Dismiss the Indictment on the ground that it does not name all of the participants in the conspiracy.[2]

---

[1] Defendant cites several cases in which courts have addressed the sufficiency of an indictment charging conspiracy, including, but not limited to United States v. Ramos, 666 F.2d 469 (11th Cir. 1982). In Ramos, the defendants challenged the sufficiency of the conspiracy count of the indictment. The court determined that the indictment was sufficient: "The language under which the appellants here were indicted meets the requirements of clarity and certainty . . . the indictment's tracking of the statutory language, supplemented by precise allegations of the time and place of the criminal activity, the names of the participants and the controlled substance involved, would appear entirely sufficient." Id. at 474. In determining whether the indictment was sufficient, the Ramos court took into consideration that the indictment named all of the participants in the conspiracy. However, the Ramos court did not hold that an indictment must so name each participant to be sufficient. The same reasoning is applicable to the other cases cited by Defendant. See e.g. United States v. Yonn, 702 F.2d 1341 (11th Cir. 1983); United States v. Williams, 181 F. App'x 945 (11th Cir. 2006). Thus, whether an indictment names unindicted co-conspirators is one factor, among many others, that a court may consider in judging the sufficiency of an indictment.

[2] Defendant also contends that the indictment must be dismissed because there are no co-conspirators. Specifically, Defendant argues that the indictment is based on a "conspiracy between the Defendant and the Government's confidential informant only." (Doc. # 77 at 4). The Government did not respond to this particular argument. The Court agrees that "it takes two to conspire and government agents or informers

**B.　Time Period of the Conspiracy**

Defendant argues that the indictment is insufficient because it charges an open-ended conspiracy. Defendant notes that both counts of the indictment charge Defendant with illegal conduct beginning "at least in or around the Spring 2008." (Doc. # 77 at 4). Defendant contends, "both counts are therefore open-ended, insufficient and too vague to satisfy the Defendant's Sixth Amendment's guarantee to be informed of the government's accusations against him." (Doc. # 77 at 4).

The Eleventh Circuit has held that "an indictment for conspiracy need not be as specific as an indictment for a substantive count." United States v. Harrell, 737 F.2d 971, 975 (11th Cir. 1984). Further, "an indictment is not insufficient merely because some necessary allegation was stated with less specificity than might have been used. The sufficiency of an indictment is determined by practical, not technical considerations." United States v. Sutherland, 656 F.2d 1181, 1197 (5th Cir. 1981).

---

are not true conspirators." United States v. Tombrello, 666 F.2d 485, 490 (11th Cir. 1982). However, Defendant's argument is prematurely asserted. During trial, if the Government fails to present evidence that Defendant conspired with a true co-conspirator, Defendant should re-assert the present argument. However, at this juncture, it is not possible for the Court to address this contention.

4

As stated in <u>Hagner v. United States</u>, 285 U.S. 427, 431 (1932), an indictment is adequate as long as it "sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

The Court determines that the alleged time frame for the alleged conspiracy "between at least in or around the Spring 2008 and on or about July 23, 2008" is not open-ended and is not vague or otherwise insufficient. The period is less than six months long. Although it is not the most precise time frame this Court has encountered in a drug conspiracy indictment, it is also not the most indefinite. <u>See</u> <u>United States v. Pease</u>, 240 F.3d 938, 942 (11th Cir. 2001)(upholding an indictment that did not allege a specific start date for a drug conspiracy and rejecting defendant's argument that such an indictment failed to charge an offense because it sufficiently informed the defendant of the charge to which he pled guilty and would allow him to raise a double jeopardy defense in future prosecutions).

The Court also agrees with the Government's observation that "numerous courts have deemed sufficient a grand jury's use of the phrase 'on or about' or 'in or around' to

5

characterize the time frame of a charged offense." (Doc. # 86 at 24).  The Court's standard Eleventh Circuit Pattern Jury Instructions contain specific instructions to the jury regarding "on or about." See Eleventh Circuit Pattern Jury Instructions (2003)(Basic 9.2).[3]

Upon due consideration and for the reasons stated above, the Court denies the Motion to Dismiss the Indictment.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendant Robert Jerlow's Motion to Dismiss the Indictment (Doc. # 77) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of March 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record

---

[3] Eleventh Circuit Pattern Jury Instruction Basic 9.2 states in pertinent part: "You will note that the indictment charges that the offense was committed 'on or about' a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense."

6