UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:08-cr-340-T-33TBM

ROBERT JERLOW
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Robert Jerlow's Motion in Limine, Supporting Memorandum, and Request for Evidentiary Hearing (Doc. # 75), which was filed on August 24, 2009. The Government filed a Response in Opposition to the Motion in Limine (Doc. # 86) on October 2, 2009. For the reasons that follow, the Court determines that an evidentiary hearing on the Motion in Limine is required.

**I. Background**

On July 23, 2008, Defendant was arrested in Los Angeles, California and subsequently charged in a two count indictment with conspiracy to distribute and to possess with intent to distribute, five kilograms or more of cocaine and attempt to possess and distribute five kilograms or more of cocaine. (Doc. # 6). The indictment does not identify the co-conspirators.

After police interrogation, Defendant participated with law enforcement in an undercover operation targeting alleged

drug conspirators Rayan Arsinous and Goldberry Macivor (the "Alleged Co-Conspirators"). Defendant wore a tape recorder to meetings with the Alleged Co-Conspirators and such meeting led to the arrest of both of the Alleged Co-Conspirators.

II. **Discussion**

By his present motion, Defendant seeks an order barring the Government from offering the tape recorded conversations (as well as any other related electronic communications) between Defendant and the Alleged Co-Conspirators. The evidence in question is not before the Court.

Defendant argues that such evidence is hearsay, that it violates the confrontation clause of the Sixth Amendment to the United States Constitution, is irrelevant, and that its danger of unfair prejudice substantially outweighs its probative value.

**Hearsay**

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Further, an out-of-court statement offered for the truth of the matter asserted is not hearsay if offered against a party, and it is (1) the party's own statement or (2) the statement of a party's co-conspirator

2

that was made during the course of and in furtherance of the conspiracy. See Fed.R.Evid. 801(d)(2)(A),(E).

To establish the admissibility of a statement under Rule 801(d)(2)(E), Fed.R.Evid., "the Government must prove by a preponderance of the evidence that (1) the conspiracy existed, (2) the conspiracy included the declarant and the defendant against whom the statement is offered, and (3) the statement was made during the course of and in furtherance of the conspiracy." United States v. Underwood, 446 F.3d 1340, 1345-46 (11th Cir. 2006).

The Government contends that it has satisfied the rigors of Rule 801(d)(2)(E), Fed.R.Evid. In addition, the Government contends that the tape recorded conversations and related electronic evidence constitute statements against interest and are, thus, non-hearsay pursuant to Rule 801(d)(2)(A). In making these arguments, the Government relies heavily upon the holding in United States v. Valdes, 214 F. App'x 948 (11th Cir. 2007). In Valdes, the Eleventh Circuit upheld the admission of recorded statements between a defendant and a government informant who did not testify at trial, as follows:

> As an evidentiary matter, the district court did not err in admitting the informant's recorded statements because they were not hearsay. Hearsay is an out-of-court statement 'offered in evidence to prove the truth of the matter asserted.'

> Statements made by Valdes in the tape-recorded conversations, when presented by the Government, were not hearsay because they were admissions of a party opponent. Statements made by the informant were not hearsay because they were admitted not to prove the truth of the informant's statements but to provide context for Valdes's side of the telephone conversations.

Id. at 950.

In this case, the Court does not have a copy of the transcripts of the tape recorded conversations or the other applicable electronic evidence. Prior to having the opportunity to review the evidence in question, it would be unfair for the Court to rule that the statements made by Defendant were statements against interest and the statements by the alleged co-conspirators mere "context" statements.

Further, without evidentiary proffers, the Court cannot determine whether the evidence in question falls under the ambit of Rule 801(d)(2)(E), Fed.R.Evid., as statements of a co-conspirator in furtherance of the conspiracy.

Thus, an evidentiary hearing is necessary in order to determine the admissibility of the evidence in question. During such hearing, the parties should also be prepared to address confrontation clause issues, relevance, and Rule 403,

Fed.R.Evid. considerations.[1]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

The Court will hold an evidentiary hearing on Defendant Robert Jerlow's Motion in Limine (Doc. # 75). Such hearing will be set via separate notice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>15th</u> day of March 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

---

[1] The Court will require the parties to tailor their confrontation clause arguments to the Court's ruling in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004)(playing, at accused's trial, of a tape-recorded statement in which accused's wife--who did not testify at trial--described accused's stabbing of victim to police, held to violate the confrontation clause of the Constitution's Sixth Amendment).