UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:08-cr-340-T-33TBM

ROBERT JERLOW
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Robert Jerlow's Motion in Limine, Supporting Memorandum, and Request for Evidentiary Hearing (Doc. # 71), which was filed on August 24, 2009. The Government filed a Response in Opposition to the Motion in Limine (Doc. # 86) on October 2, 2009. For the reasons that follow, the Court determines that an evidentiary hearing on the Motion in Limine is required.

**Analysis**

On July 23, 2008, Defendant was arrested in Los Angeles, California and subsequently charged in a two count indictment with conspiracy to distribute and to possess with intent to distribute, five kilograms or more of cocaine and attempt to possess and distribute five kilograms or more of cocaine. (Doc. # 6).

Leading up to Defendant's arrest, the DEA utilized a confidential informant (hereafter, "CI") to investigate Defendant. Defendant submits, "Evidence shows that the

Defendant was not sought out by the DEA, instead, the confidential source solicited information to the DEA thereby instigating the said investigation for which the defendant was indicted and [the] confidential source was compensated approximately $28,500.00." (Doc. # 71 at 2).

Prior to his arrest, Defendant exchanged e-mails and electronic chats with the CI (hereafter, "electronic communications"). According to Defendant, there are at least sixty-five pages of electronic communications at issue. Defendant seeks an order barring the Government from presenting the electronic communications as evidence during his criminal trial arguing, among other things, that the electronic communications have been substantially altered by the CI. Defendant contends:

> Rather than forwarding actual emails, using the "print screen" feature or utilizing software to save various messages, the confidential source admitted to cutting various electronic statements, allegedly made by the defendant, and pasting them into the body of the emails subsequently sent to the government. Furthermore, it is alleged that the confidential source, upon pasting the alleged statements into the emails, added its own text in order to clarify dates, times, and identify speakers. In response to the Defendant's request for a mirror image and or inspection of the confidential source's hard drive, the government stated that the confidential source is unwilling to make either himself or his computer available to the government relative to the trial against Mr. Jerlow. There is evidence that the electronic

> communications have been altered, and a strong possibility that the material resulting from the cut and paste is not a complete and accurate replica of the original text thereby rendering them inadmissible under Rules 901 and 1002 of the Federal Rules of Evidence.

(Doc. # 71 at 2-3).

In addition to alleging that the electronic communications have been altered and "in some cases completely reproduced and potentially fabricated" and are not capable of being authenticated under Federal Rule of Evidence 901, Defendant also argues that the electronic communications are inadmissible under the "Best Evidence Rule" as codified in Rule 1002 of the Federal Rules of Evidence. Defendant submits:

> [T]he printout of the online conversations between the Defendant and the [CI] does not meet the definition of a duplicate under Rule 1001, or an "original writing" under Rule 1002. While the definition includes a printout of computer data, such printout must reflect the data accurately. The defense argues that the government will be unable to satisfy this burden because of the method that the [CI] created the emails.

(Doc. # 71 at 5).

Furthermore, Defendant contends that the CI destroyed or otherwise erased the original data from his computer in bad faith and that the electronic communications should be excluded under Federal Rule of Evidence 403.

In its response, the Government correctly recites controlling law concerning authenticity of evidence,[1] but does not address the specific issue raised by Defendant--that the electronic communications have been admittedly altered by the CI. In addition, the Government does not address Defendant's Best Evidence Rule and Federal Rule of Evidence 403 concerns. The Government indicates:

> [I]t is simply too premature to definitively resolve issues having to do with the authentication and admissibility of the e-mails in question. See United States v. Vevea, 2007 WL 4328787, at *2 (E.D. Cal Dec. 10, 2007)(deferring ruling on

---

[1] As stated in United States v. Siddiqui, 235 F.3d 1318, 1321 (11th Cir. 2000):

> Under Fed.R.Evid. 901(a), documents must be properly authenticated as a condition precedent to their admissibility "by evidence sufficient to support a finding that the matter in question is what its proponent claims." A document may be authenticated by "appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." Fed.R.Evid. 901(b)(4); United States v. Smith, 918 F.2d 1501, 1510 (11th Cir. 1990)("the government may authenticate a document solely through the use of circumstantial evidence, including the document's own distinctive characteristics and the circumstances surrounding its discovery") . . . . A district court has discretion to determine authenticity, and that determination should not be disturbed on appeal absent a showing that there is no competent evidence in the record to support it.

Id. (internal citations omitted).

> defendant's motion to exclude e-mails based on hearsay and authentication objections, noting that the Court would "await trial to see if both evidentiary concerns are cured when and if the government offers such matters into evidence"). The government notes only in this regard that, putting aside the CI's availability to testify on the matter, there are other potential bases upon which to predicate authentication that the government will continue to explore and investigate as its trial preparations intensify.

(Doc. # 86 at 11).

There are many unknown factors that justify holding an evidentiary hearing on this motion. Among other things, the Court does not have access to the electronic communications at issue, does not know if the CI altered the electronic communications (and if so, to what extent), and does not know if the CI will be present to testify at trial. In addition, by this time, a mirror image copy or other "transcript" of the electronic communications (without alterations by the CI) may have become available. Thus, an evidentiary hearing is necessary in order to determine the admissibility of the electronic communications in question, if the Government is still inclined to seek admission of this evidence.

During such hearing, the parties should also be prepared to address the Best Evidence Rule and Rule 403, Fed.R.Evid., considerations.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

The Court will hold an evidentiary hearing on Defendant Robert Jerlow's Motion in Limine (Doc. # 71). Such hearing will be set via separate notice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of March 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record